IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-00023-M-5

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY NEIL CORBETT,

    Defendant.

ORDER

This matter comes before the court on Defendant's pro se motion [DE 294] requesting appointment of counsel to assist him with filing a Section "3582" motion based on "Amendment 829 Section 5H1.1." DE 294 at 1. On July 19, 2021, the court sentenced Defendant to 87 months in custody; the deadline for him to file a direct appeal of his sentence has expired. *See* DE 243; Fed. R. App. P. 4(b). A criminal defendant enjoys a Sixth Amendment right to counsel at trial and during his first appeal as of right, but "no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Garza v. Idaho*, 586 U.S. 232, 245 (2019) ("There is no right to counsel in postconviction proceedings."). Accordingly, Defendant's motion is denied.[1]

SO ORDERED this 7th day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that "Amendment 829 of the Sentencing Guidelines . . . amends U.S.S.G. § 5H1.1 to state that a downward departure may be warranted due to the defendant's youthfulness at the time of the offense," but this Amendment "is not retroactive." *United States v. John*, No. 21-CR-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024). Because the Amendment is not retroactive, the court has no standing order providing for appointment of counsel. *See, e.g., IN RE: First Step Act of 2018*, 19-SO-3; *IN RE: RETROACTIVE APPLICATION OF U.S.S.G. AMENDMENT 821*, 23-SO-6.